Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000709
29-JUN-2017
07:58 AM

NO. CAAP-16-0000709

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


THE ESTATE OF BRUCE S. PERDUE, by its Personal Representative
ROBERT H. PERDUE, ROBERT H. PERDUE, Individually,
GORETTI M. PERDUE, CHRISTIAN PERDUE and WREN PERDUE,
Plaintiffs-Appellants,
vs.
STATE OF HAWAI'I, COUNTY OF KAUAI, KAUAI ISLAND UTILITY
COOPERATIVE, a domestic agricultural cooperative association,
HAWAIIAN TELCOM, INC., a domestic corporation,
Defendants-Appellees,
and
JOHN DOES 1-5, et al., Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 13-1-0351)


ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Ginoza, and Reifurth, JJ.)

Upon review of the record on appeal, it appears that we
lack appellate jurisdiction over this appeal that Plaintiffs/
Appellants Estate of Bruce S. Perdue, by its Personal
Representative Robert H. Perdue, Robert H. Perdue, Individually,
Goretti M. Perdue, Christian Perdue, and Wren Perdue
(collectively, Perdue Plaintiffs) have asserted from the
Honorable Kathleen N.A. Watanabe's September 28, 2016 Judgment in
favor of Defendant/Cross-Claim Plaintiff/Cross-Claim
Defendant/Appellee State of Hawai'i (State) and against Perdue

Plaintiffs, because the September 28, 2016 Judgment neither resolves all claims nor contains a finding of no just reason for delay in the entry of judgment as to one or more but fewer than all claims or parties pursuant to Rule 54(b) of the Hawai'i Rules of Civil Procedure (HRCP), as Hawaii Revised Statutes (HRS) 641-1(a) (2016 Repl.) requires for an appealable final judgment under HRCP Rule 58 and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on <u>Jenkins</u> and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." <u>Carlisle v. One (1) Boat</u>, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). Furthermore,

> <u>if a judgment purports to be the final judgment in a case involving multiple claims</u> or multiple parties, <u>the judgment (a)</u> must specifically identify the party or parties for and against whom the judgment is entered, and (b) <u>must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified</u>[.]

<u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i at 119, 869 P.2d at 1338 (emphases added). When interpreting the requirements for an appealable final judgment under HRS § 641-1(a) and HRCP Rule 58, the Supreme Court of Hawai'i has explained that

> [i]f we do not require a judgment that resolves <u>on its face</u> all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the

> parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality, . . . and we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58.

Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi at 119, 869 P.2d at 1338 (citation omitted; original emphasis). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. (original emphasis).

The September 28, 2016 judgment does not contain the finding necessary for certification under HRCP Rule 54(b). Therefore, in order to be an appealable final judgment, the September 28, 2016 judgment must resolve all claims and cross-claims involving the State; Defendant/Cross-Claim Defendant/Appellee County of Kauaʻi (**County**); Defendant/Cross-Claim Plaintiff/Cross-Claim Defendant/Appellee Kauaʻi Island Utility Cooperative (**KIUC**); and Defendant/Cross-Claim Plaintiff/Cross-claim Defendant/Appellee Hawaiian Telcom Inc. (**HTI**).

Although the September 28, 2016 Judgment enters judgment in favor of the State and against Perdue Plaintiffs as to Perdue Plaintiffs' complaint, the September 28, 2016 judgment does not enter judgment on or dismiss: (1) Perdue Plaintiffs' claim against County, KIUC, and HTI; (2) State's cross-claim against County, KIUC and HTI; (3) HTI's cross-claim against State, County, and KIUC; and (4) KIUC's cross-claim against State, County, and HTI.

The September 28, 2016 Judgment describes the filing of an April 17, 2014 stipulation and an April 25, 2014 stipulation, but the September 28, 2016 Judgment does not contain operative language that, on its face, expressly enters judgment on or expressly dismisses the claims referenced in those stipulations.

3

Granted, the April 17, 2014 "Stipulation For Dismissal Of All Claims Against Defendant County of Kaua'i Without Prejudice" purports to dismiss all claims by Perdue Plaintiffs against the County and was "signed by all parties who have appeared in the action" consistent with HRCP Rule 41(a)(1).[1/] The Supreme Court of Hawai'i has held that where parties properly stipulate to dismiss claims <u>without an order</u> of the court pursuant to HRCP Rule 41(a)(1)(B), "a separate judgment is neither required nor authorized, inasmuch as a plaintiff's dismissal of an action, by filing a stipulation of dismissal signed by all parties [pursuant to HRCP Rule 41(a)(1)(B)], is effective without order of the court." <u>Amantiad v. Odum</u>, 90

---

[1/]    HRCP Rule 41 (emphasis added) states, in relevant part as follows.

   (a) Voluntary dismissal: Effect thereof.
          (1) By plaintiff; by stipulation.  An action may be dismissed by the plaintiff <u>without order of court</u> (A) by filing a notice of dismissal at any time before the return date as provided in Rule 12(a) or service by the adverse party of an answer or of a motion for summary judgment, or (B) <u>by filing a stipulation of dismissal signed by all parties who have appeared in the action</u>, in the manner and form prescribed by Rule 41.1 of these rules. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States, or of any state, territory or insular possession of the United States an action based on or including the same claim.
          (2) <u>By order of court</u>.  Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon <u>order of the court</u> and upon such terms and conditions as the court deems proper.  If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.  Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.
          (b)  . . . .
          (c) Dismissal of counterclaim, <u>cross-claim</u>, or third-party claim.  <u>The provisions of this rule apply to the dismissal of any</u> counterclaim, <u>cross-claim</u>, or third-party claim. A voluntary dismissal by the claimant alone pursuant to paragraph (1) of subdivision (a) of this rule shall be made before a responsive pleading is served or, if there is none, before the introduction of evidence at the trial or hearing. The notice of dismissal or stipulation shall be made in the manner and form prescribed by Rule 41.1 of these rules.

Hawai'i 152, 158 n.7, 977 P.2d 160, 166 n.7 (1999) (internal quotation marks and brackets omitted). However, rather than a stipulation pursuant to HRCP Rule 41(a)(1)(B), the April 17, 2014 "Stipulation For Dismissal Of All Claims Against Defendant County of Kaua'i Without Prejudice" is a circuit court order (signed by the presiding judge) that disposes of some substantive claims, and, thus, like any order that disposes of substantive claims, it must be reduced to a separate judgment that, on its face, either enters judgment on or dismisses those claims. See, e.g., Carlisle v. One (1) Boat, 119 Hawai'i at 254, 195 P.3d at 1186 (2008) ("Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment.").

Additionally, the April 25, 2014 "Stipulation for Dismissal of All Cross-claims Against Defendant County of Kaua'i Without Prejudice" and the April 25, 2016 "Stipulation for Partial Dismissal With Prejudice of All Claims and Parties" were not "signed by all the parties who have appeared in the action," as required in HRCP Rule 41(a)(1) and HRCP Rule 41(c) by reference to HRCP Rule 41(a)(1). Consequently, neither of said stipulations fulfill the requirements of Amantiad to obviate the filing of a separate judgment. Each of said stipulations was signed by the circuit court, and hence each is a circuit court order that disposes of some substantive claims, and, thus, like any order that disposes of substantive claims, each must be reduced to a separate judgment that, on its face, either enters judgment on or dismisses those claims.

Finally, instead of entering judgment on or dismissing all claims, the September 28, 2016 Judgment merely contains a statement that "[a]ll other claims and parties have been dismissed." While describing the requirements for an appealable final judgment, the Supreme Court of Hawai'i has explained that

> [a] statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example,

"Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphases added). Because the September 28, 2016 judgment does not, on its face, resolve all claims against all parties, the September 28, 2016 Judgment fails to satisfy the requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 58 and the holding in Jenkins v. Cades Schutte Fleming & Wright.

Absent an appealable final judgment, Perdue Plaintiffs' appeal is premature and we lack appellate jurisdiction over appellate court case number CAAP-16-0000709.

Accordingly, IT IS HEREBY ORDERED that appellate court case number CAAP-16-0000709 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 29, 2017.

Presiding Judge

Associate Judge

Associate Judge

6